UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ROSTA AG,

a Swiss corporation,

    Plaintiff,

        v.

LOVEJOY, INC.,

an Illinois corporation,

    Defendant.

Case No.:

Hon.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

FOR ITS COMPLAINT in this matter, Plaintiff, Rosta AG, by and through its attorneys, Revision Legal, PLLC, states as follows:

## I.   INTRODUCTION

1. This is an action for trademark infringement, trade dress infringement, and unfair competition against a former licensed manufacturer and distributor of a limited amount of Plaintiff's products. Plaintiff seeks redress for a variety of claims arising out of Defendant's continued use of Plaintiff's trademarks and creative materials that have caused consumer confusion and have served as a market displacement for Plaintiff's goods.

## II.   PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Rosta AG ("Rosta") is a Swiss corporation limited by shares with its principal place of business in Hunzenschwill, Canton of Aargau, Switzerland.

1

3. Rosta also has a place of business within this judicial district, located at 1425 Kalamazoo St., South Haven, Michigan 49090.

4. Defendant Lovejoy, Inc. ("Lovejoy") is a corporation organized under the laws of the State of Illinois with its principal place of business at 2655 Wisconsin Avenue, Downers Grove, Illinois 60515.

5. Lovejoy also has a place of business within this judicial district, located at 300 Lovejoy Avenue, South Haven, Michigan 49090.

6. This Court has subject matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because this civil action arises under the Lanham Act, and this Court has pendant, ancillary, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claims are so closely related that they form part of the same case or controversy.

7. This Court has general personal jurisdiction over Defendant consistent with MCL § 600.711 because Defendant, through its presence within this judicial district and by completing sales throughout this state, has continuous and systematic contacts with the State of Michigan, has carried on a continuous and systematic part of its general business within this state, has purposefully availed itself of the privilege of acting in this state or causing a consequence in this state, the cause of actions asserted in this Complaint arise from the Defendant's activities in this state, and Defendant has a substantial enough connection with this state to make the exercise of jurisdiction reasonable.

8. This Court has limited personal jurisdiction over Defendant consistent with MCL § 600.715 because Defendant is physically located within this judicial district,

Defendant transacts business within the State of Michigan, Defendant is doing or causing an act to be done, or consequences to occur, in the State of Michigan resulting in this commercial tort action, Defendant has entered into a contract for services to be performed or for materials to be furnished within the State of Michigan, Defendant has purposefully availed itself of the privilege of acting in this state or causing a consequence in this state, the cause of actions asserted in this Complaint arise from the Defendant's activities in this state, and Defendant has a substantial enough connection with this state to make the exercise of jurisdiction reasonable.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and because the exercise of jurisdiction by the Court over Defendant is proper.

## PLAINTIFF'S BUSINESS

10. Plaintiff Rosta is a Swiss manufacturer of rubber suspension systems for the machine and automotive industries with its principal place of business in Hunzenschwill, Canton of Aargau, Switzerland.

11. Plaintiff Rosta has a truly global footprint, with separate business entities throughout the world, including but not limited to Canada, Germany, Italy, China, Australia, and the United States, including its principal US entity, Rosta USA Corp., located in South Haven, Michigan.

12. Plaintiff Rosta has been providing its products throughout the world for over seventy (70) years and has become respected and favorably known throughout the United States and the world.

### PLAINTIFF'S TRADEMARKS AND TRADE DRESS

13. To protect its favorable reputation across the United States and the world, Plaintiff Rosta has filed for and obtained registration of its distinctive trademarks with numerous national authorities, including the United States Patent and Trademark Office, the Swiss Federal Institute of Intellectual Property, and the Canadian Intellectual Property Office.

14. Since as early as 1988, Plaintiff Rosta has consistently and exclusively used the marks SE and AB in the United States in association with the sale and offering for sale of elastometric tensioners and oscillating mounts

15. Any and all use of the SE and AB marks in the United States in connection with elastometric tensioners and oscillating mounts solely inured to the benefit of Rosta.

16. Plaintiff's SE and AB marks are inherently distinctive or have otherwise acquired secondary meaning through its longstanding use of the SE and AB marks within the United States.

17. In November of 2014, Plaintiff applied for registration of the SE and AB marks with the United States Patent and Trademark Office under the Madrid Protocol and on the basis of its Swiss registration for the same marks, which achieved registration in Switzerland on September 8, 2014.

18. Plaintiff's application for registration of the SE mark in the United States was granted on June 30, 2015 under Reg. No. 4,762,605 and was provided with a priority date of May 19, 2014. See **Exhibit 1**, SE Registration.

19. Plaintiff's application for registration of the AB mark in the United States was granted on June 30, 2015 under Reg. No. 4,762,596 and was provided with a priority date of May 19, 2014. See **Exhibit 2**, AB Registration.

20. Since as early as 1988, Plaintiff has also continuously and exclusively used the non-functional color blue to indicate the origin and source of its tensioner and oscillating goods in the United States.

21. In the minds of the consuming public, Plaintiff's continuous and exclusive use of the color blue identifies the source of Plaintiff's tensioner and oscillating products and not the product itself.

22. As a result of its continuous and exclusive use of the non-functional color blue on its tensioner and oscillating goods, Plaintiff has acquired trade dress rights in and to its use of the color blue.

## DEFENDANT'S INFRINGEMENT

23. Prior to September 1, 2014, Plaintiff Rosta and Defendant Lovejoy maintained a working relationship for nearly twenty-five (25) years.

24. Between December 1988 and 2006, Plaintiff Rosta and Defendant Lovejoy executed a series of agreements under which Defendant Lovejoy was granted a license to distribute and manufacture certain Rosta products in the United States "as Rosta Products" or under agreements that specifically reserved all ownership rights with Plaintiff Rosta.

    a. 1988 Agreement: Lovejoy would represent Rosta in the United States for the sale of specific products, provided that "Lovejoy purchases and sells all products…as ROSTA-products." See **Exhibit 3**, 1988 Agreement.

    b. 2000 Agreement: Lovejoy was granted a non-exclusive right to sell certain products within a certain territory, provided that it used it best efforts to increase the sales of "ROSTA products" and used ROSTA's trademarks consistent with ROSTA's sole and exclusive trademark rights. See **Exhibit 4**, 2000 Agreement.

    c. 2006 Agreement: Lovejoy was granted a license to distribute "Licensed Products" within a specific territory, provided Lovejoy agreed that it would, at its own expense, promote the distribute of "ROSTA products" and include identifying information on products to convey they were "ROSTA products," that Rosta retained all ownership of the Licensed Products, and that Lovejoy would use ROSTA's trademarks consistent with ROSTA's sole and exclusive trademark rights. See **Exhibit 5**, 2006 Agreement.

25. Further, Defendant Lovejoy, from at least 1988 through 2014, operated under a license to manufacture certain Rosta products under the following non-exhaustive terms and conditions:

    a. 1988 Agreement: All manufacture was accomplished consistent with quality and technical execution standards equal to those of Rosta, Lovejoy-manufactured products were only available for sale after

    Rosta approval, Lovejoy was required to source all raw materials from Rosta, and the ROSTA name was required to be clearly legible on all Lovejoy manufactured products. See **Exhibit 3**, 1988 Agreement;

    b. 2000 Agreement: All manufacture was accomplished consistent with quality and technical execution standards equal to those of Rosta, Lovejoy manufactured products were only available for sale after Rosta approval, Lovejoy was required to source all raw materials from Rosta, and the ROSTA name was required to be clearly legible on all Lovejoy manufactured products. See **Exhibit 4**, 2000 Agreement;

    c. 2006 Agreement: All manufacture was accomplished consistent with quality and technical execution standards equal to those of Rosta, Lovejoy manufactured products were only available for sale after Rosta approval, Lovejoy was required to source all raw materials from Rosta, and the ROSTA name was required to be clearly legible on all Lovejoy manufactured products. See **Exhibit 5**, 2006 Agreement.

26. The 1988, 2000, and 2006 Agreements governed the sale and manufacture of Plaintiff Rosta's products, including those bearing the SE and AB marks.

27. Plaintiff Rosta is the exclusive owner of the SE and AB marks and Defendant Lovejoy is not entitled to any ownership in the SE or AB marks as a result of the 1988, 2000, and 2006 Agreements.

28. The last of these agreements, titled Distribution and License Contract ("2006 Agreement"), was executed on January 22, 2006. See **Exhibit 5**, 2006 Agreement.

29. Under the terms of the 2006 Agreement, Defendant Lovejoy was provided with a license to distribute Plaintiff Rosta's products within the United States in Plaintiff Rosta's name.

30. Specifically, the 2006 Agreement stated that Defendant Lovejoy was to denote Plaintiff Rosta and its respective trademarks as the origin of the products that Defendant Lovejoy was selling on Plaintiff Rosta's behalf.

31. The 2006 Agreement also stated "Rosta retains title and ownership of all know-how for the Licensed Products and of information and material made available to Lovejoy." See **Exhibit 5**, 2006 Agreement.

32. The 2006 Agreement also required Defendant Lovejoy to respect Plaintiff Rosta's trademark rights.

33. And the 2006 Agreement provided Plaintiff Rosta with the ability monitor and control the quality of the products under the Agreement and required Defendant Lovejoy to monitor the marketplace and notify Plaintiff Rosta of any infringement of the products licensed under the Agreement.

34. The 2006 Agreement was terminated effective on or about August 31, 2014.

35. Subsequent to the termination of the Agreement, Defendant Lovejoy sold elastometric tensioners and oscillating mounts under Plaintiff Rosta's distinctive SE and AB marks, including, but not limited to, through its own catalog and website and third party distributors such Applied Industrial Technologies, Inc., Motion Industries, Inc., and Amazon.com. See **Exhibit 6,** Lovejoy Use of SE and AB; **Exhibit 7**, Distributor Screenshots.

36. Plaintiff Rosta advised Defendant Lovejoy that its actions constituted trademark infringement on two separate occasions: October 7, 2015 and December 3, 2015.

37. Defendant Lovejoy ignored Plaintiff Rosta's warnings and continues to sell elastometric tensioners and oscillating mounts under Plaintiff Rosta's distinctive SE and AB marks, including, but not limited to, through its own catalog and website and third party distributors such Applied Industrial Technologies, Inc., Motion Industries, Inc., and Amazon.com. See **Exhibit 6,** Lovejoy Use of SE and AB; **Exhibit 7**, Distributor Screenshots.

38. Defendant Lovejoy continues to sell elastometric tensioners and oscillating mounts that have been painted in Plaintiff Rosta's distinctive blue trade dress. See **Exhibit 6,** Lovejoy Use of SE and AB.

## COUNT I – TRADEMARK INFRINGEMENT

39. Plaintiff Rosta restates all forgoing paragraphs as if fully stated herein.

40. Plaintiff Rosta's SE and AB trademarks are inherently distinctive or, in the alternative, have acquired secondary meaning through its longstanding use in commerce.

41. Plaintiff Rosta has sought and has obtained registration of its SE trademark with the United States Patent and Trademark Office for use in association with "[t]ension and pressure elements, namely, chain tensioning devices, belt tensioning devices, and self adjusting motor bases for friction belt drives, all for use with machines" and under Reg. No. 4,762,605. See **Exhibit 1**, SE Registration.

42. Plaintiff Rosta has sought and has obtained registration of its AB trademark with the United States Patent and Trademark Office for use in association with "[o]scillation elements, namely, oscillating mountings and motor bases, all for use with machines and under Reg. No. 4,762,596. See **Exhibit 2**, AB Registration.

43. Defendant Lovejoy has used and continues to use, without authorization, Plaintiff Rosta's registered SE and AB trademarks in the sale and offering for sale of tensioner and oscillating products.

44. Defendant Lovejoy's use of Plaintiff Rosta's SE and AB marks is likely to cause confusion among consumers regarding the origin of the goods offered by the parties.

45. Defendant Lovejoy's use of Plaintiff Rosta's SE and AB marks has caused actual confusion as to the origin of the goods offered by the parties.

46. Plaintiff Rosta has not provided its consent to Defendant Lovejoy's use of Plaintiff's registered trademarks.

47. Defendant Lovejoy is unfairly benefitting from Plaintiff Rosta's advertising and promotion and profiting from the reputation and goodwill Plaintiff Rosta has built and established in its SE and AB trademarks.

48. Defendant Lovejoy's actions constitute willful trademark infringement.

49. As a result, Defendant Lovejoy is liable for up to three times Plaintiff Rosta's damages and Defendant Lovejoy's profits, or, at Plaintiff Rosta's election, statutory damages in the amount of up to $2,000,000 consistent with 15 U.S.C. § 1117(c).

50. Defendant Lovejoy is further liable for Plaintiff Rosta's attorneys' fees, costs, and prejudgment interest.

## COUNT II – CONTRIBUTORY TRADEMARK INFRINGEMENT

51. Plaintiff Rosta restates all forgoing paragraphs as if fully stated herein.

52. Plaintiff Rosta's SE and AB trademarks are inherently distinctive or, in the alternative, have acquired secondary meaning through their longstanding use in commerce.

53. Plaintiff Rosta has sought and has obtained registration of its SE and AB trademarks with the United States Patent and Trademark Office. See **Exhibit 1**, SE Registration; **Exhibit 2**, AB Registration;

54. Defendant Lovejoy has intentionally induced third parties to infringe upon Plaintiff Rosta's SE and AB trademarks, including, but not limited to, third party distributors such as Applied Industrial Technologies, Inc., Motion Industries, Inc., and Amazon.com.

55. Defendant Lovejoy has supplied products to third parties, including, but not limited to, third party distributors such as Applied Industrial Technologies, Inc., Motion Industries, Inc., and Amazon.com, with actual or constructive knowledge that the products are being used to infringe upon Plaintiff Rosta's SE and AB trademarks.

56. These third party distributors, including, but not limited to, Applied Industrial Technologies, Inc., Motion Industries, Inc. and Amazon.com,, have infringed upon Plaintiff Rosta's SE and AB marks by marketing and offering for sale Defendant Lovejoy's infringing products.

57. Defendant Lovejoy has actual and constructive knowledge of this third party infringement.

58. Defendant Lovejoy has induced, caused, or materially contributed to the infringing conduct of third parties.

59. Defendant Lovejoy's actions constitute contributory trademark infringement.

60. As a result, Defendant Lovejoy is liable for up to three times Plaintiff Rosta's damages and Defendant Lovejoy's profits, or, at Plaintiff Rosta's election, statutory damages in the amount of up to $2,000,000 consistent with 15 U.S.C. § 1117(c).

61. Defendant Lovejoy is further liable for Plaintiff Rosta's attorneys' fees, costs, and prejudgment interest.

## COUNT III – FALSE DESIGNATION OF ORIGIN

62. Plaintiff Rosta restates all forgoing paragraphs as if fully stated herein.

63. Plaintiff has continuously and exclusively used the SE and AB trademarks in association with tensioner and oscillating products since as early as 1988.

64. Plaintiff Rosta's SE and AB trademarks are inherently distinctive or, in the alternative, have acquired secondary meaning through its longstanding use in commerce.

65. Through its continuous and exclusive use of the SE and AB trademark since as early as 1988, Plaintiff Rosta has acquired common law trademark rights in and to its SE and AB trademarks.

66. Defendant Lovejoy has used and continues to use, without authorization, Plaintiff Rosta's common law SE and AB trademarks in the sale and offering for sale of tensioner and oscillating products.

67. Defendant Lovejoy has used Plaintiff Rosta's SE and AB trademarks without authorization in a manner that is likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of

Plaintiff Rosta with Defendant Lovejoy, or as to the origin, sponsorship, or approval of Defendant Lovejoy's goods by Plaintiff Rosta.

68. Defendant Lovejoy did not have Plaintiff Rosta's consent to use Plaintiff Rosta's SE and AB marks as outlined above.

69. Defendant Lovejoy's unauthorized use of Plaintiff Rosta's SE and AB marks has resulted in Defendant Lovejoy unfairly benefitting from Plaintiff Rosta's advertising and promotion, and profiting from the reputation of Plaintiff Rosta and Plaintiff's SE and AB marks, to the substantial and irreparable injury of the public, Plaintiff Rosta, and the substantial goodwill represented by Plaintiff Rosta's SE and AB marks.

70. As a result, Plaintiff Rosta has suffered monetary damages and a loss of goodwill associated with its SE and AB marks.

71. Consequently, Defendant Lovejoy's use of the SE and AB marks constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

72. Plaintiff Rosta is entitled to recover up to three times Defendant Lovejoy's profits, any damages sustained by Plaintiff Rosta, and the costs of the action consistent with 15 U.S.C. § 1117.

73. Plaintiff Rosta is also entitled to prejudgment interest, the costs of this action, and attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## COUNT IV – TRADE DRESS INFRINGEMENT

74. Plaintiff Rosta restates all forgoing paragraphs as if fully stated herein.

75. The blue coloring of Plaintiff Rosta's tensioner and oscillating products is distinctive in the marketplace.

76. The blue coloring of Plaintiff Rosta's tensioner and oscillating products is primarily nonfunctional.

77. The blue coloring of Plaintiff Rosta's tensioner and oscillating products identifies the source of the product rather than the product itself in the minds of the public.

78. Defendant Lovejoy's use of the blue coloring of Plaintiff Rosta's tensioner and oscillating products in association with its tensioner and oscillating products is confusingly similar.

79. Defendant Lovejoy's use of the blue coloring of Plaintiff Rosta's tensioner and oscillating products in association with its tensioner and oscillating products has caused actual confusion in the marketplace.

80. As a result, Plaintiff Rosta has suffered monetary damages and a loss of goodwill associated with its blue trade dress.

81. Defendants' actions constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

82. Plaintiff Rosta is entitled to recover up to three times Defendant Lovejoy's profits, any damages sustained by Plaintiff Rosta, and the costs of the action consistent with 15 U.S.C. § 1117.

83. Plaintiff Rosta is also entitled to prejudgment interest, the costs of this action, and attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**COUNT V – MICHIGAN COMMON LAW UNFAIR COMPETITION**

84. Plaintiff Rosta restates all forgoing paragraphs as if fully stated herein.

85. Plaintiff has continuously and exclusively used the SE and AB trademarks in association with tensioner and oscillating products since as early as 1988.

86. Plaintiff Rosta's SE and AB trademarks are inherently distinctive or, in the alternative, have acquired secondary meaning through its longstanding use in commerce.

87. Through its continuous and exclusive use of the SE and AB trademarks since as early as 1988, Plaintiff Rosta has acquired common law trademark rights in and to its SE and AB trademarks.

88. Defendant Lovejoy has used and continues to use, without authorization, Plaintiff Rosta's common law SE and AB trademarks in the sale and offering for sale of tensioner and oscillating products.

89. Defendant Lovejoy has used Plaintiff Rosta's SE and AB trademarks without authorization in a manner that is likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Plaintiff Rosta with Defendant Lovejoy, or as to the origin, sponsorship, or approval of Defendant Lovejoy's goods by Plaintiff Rosta.

90. Defendant Lovejoy did not have Plaintiff Rosta's consent to use Plaintiff Rosta's SE and AB marks as outlined above.

91. The blue coloring of Plaintiff Rosta's tensioner and oscillating products is distinctive in the marketplace.

92. The blue coloring of Plaintiff Rosta's tensioner and oscillating products products is primarily nonfunctional.

93. The blue coloring of Plaintiff Rosta's tensioner and oscillating products identifies the source of the product rather than the product itself in the minds of the public.

94. Defendant Lovejoy's use of the blue coloring of Plaintiff Rosta's tensioner and oscillating products in association with its tensioner and oscillating products is confusingly similar.

95. Defendant Lovejoy's use of the blue coloring of Plaintiff Rosta's tensioner and oscillating products in association with its tensioner and oscillating products has caused actual confusion in the marketplace.

96. Defendant Lovejoy and Plaintiff Rosta are in direct competition with each other.

97. Defendant Lovejoy's unauthorized use of Plaintiff Rosta's SE and AB marks and blue coloring constitutes palming off under the common law.

98. Defendant Lovejoy's unauthorized use of Plaintiff Rosta's SE and AB marks and trade dress has resulted in Defendant Lovejoy unfairly benefitting from Plaintiff Rosta's advertising and promotion, and profiting from the reputation of Plaintiff Rosta and Plaintiff's SE and AB marks and trade dress, to the substantial and irreparable injury of the public, Plaintiff Rosta, and the substantial goodwill represented by Plaintiff Rosta's SE and AB marks and trade dress.

99. As a result, Plaintiff Rosta has suffered monetary damages and a loss of goodwill associated with its SE and AB marks and trade dress.

100. Consequently, Defendant Lovejoy's use of the SE and AB marks and trade dress constitutes unfair competition under common law.

**WHEREFORE**, Plaintiff requests this honorable Court grant the following relief:

A.  That Defendant Lovejoy and all persons acting in concert with it be preliminarily and permanently enjoined from using Plaintiff Rosta's SE and AB marks and trade dress, or any colorable imitation thereof likely to cause confusion, from contributing to the trademark infringement or unfair competition of third parties, and from infringing on Plaintiff Rosta's copyright rights;

B.  That Plaintiff Rosta receive and recover from Defendant Lovejoy all damages sustained, including, but not limited to, statutory damages in the amount of $2,000,000, which is the maximum amount allowed by 15 U.S.C. § 1117, treble damages, Plaintiff Rosta's actual damages, and Defendant Lovejoy's profits;

C.  That Defendant Lovejoy be ordered to pay Plaintiff Rosta's reasonable costs, expenses, and attorney fees incurred in prosecuting this action, pursuant to 15 U.S.C. § 1116, 15 U.S.C.§ 1117(a), and 17 U.S.C. § 505;

D.  That Plaintiff Rosta be awarded pre and post-judgment interest to the maximum extent allowed by law; and

E.  That Plaintiff Rosta be awarded such other and further relief to which it may be justly entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: February 23, 2016        /s/ Eric Misterovich
Eric Misterovich (P73422)
John Di Giacomo (P73056)
*Counsel for Plaintiff*
Revision Legal, PLLC
109 E. Front St.
Suite 309

Traverse City, MI 48684  
Phone: (231) 714.0100  
Fax: (231) 714.0200  
Email: eric@revisionlegal.com