UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROSTA AG, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 1:16-cv-199 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| LOVEJOY, INC., | ) | |
|         Defendant. | ) | |
| | ) | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on a report and recommendation issued by the magistrate judge. (ECF No. 20.) Defendant Lovejoy filed a motion to dismiss. (ECF No. 9.) After the motion was referred, the magistrate judge issued a report recommending the motion be granted in part and denied in part. (ECF No. 20.) Plaintiff filed an objection (ECF No. 21), and Defendant filed a response (ECF No. 22).

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

## II.

Plaintiff Rosta AG owns several trademarks issued by the US Patent Office in June 2015. Between 1988 and 2006, Rosta and Defendant Lovejoy executed three agreements under which Lovejoy was granted a license to manufacture and distribute certain Rosta products. The third and final agreement ended on August 31, 2014. Rosta alleges, after the third agreement terminated, Lovejoy continued to sell products "under Plaintiff Rosta's distinctive SE and AB marks[.]" (Compl. ¶ 35 PageID.8.) In November and again in December 2015, Rosta informed Lovejoy that "its actions constituted trademark infringement." (*Id.* ¶ 36 PageID.9.)

The complaint explicitly identifies five claims: (1) Count 1 – Trademark Infringement, (2) Count 2 – Contributory Trademark Infringement, (3) Count 3 – False Designation of Origin, (4) Count 4 – Trade Dress Infringement, and (5) Count 5 – Michigan Common Law Unfair Competition. As part of Count 1, Rosta requests either damages for up to three times Lovejoy's profits or, at Rosta's election, statutory damages under 15 U.S.C. § 1117(c). Although the complaint did not include, as an enumerated Count, a claim for counterfeiting, as part of its motion to dismiss, Lovejoy argued that Rosta did not state a claim that would entitle it to counterfeiting statutory damages under 15 U.S.C. § 1117(c).

The magistrate judge reviewed the motion, response, and pleadings and issued a report recommending the dismissal of Count 2 only. The magistrate judge recommended denying the motion to dismiss for Counts 1, 3, 4 and 5. The magistrate judge also concluded

that the complaint failed to state a claim for use of a counterfeit mark and, therefore, the request for statutory damages under § 1117(c) should be dismissed.

### III.

#### A.

Lovejoy has not objected to the recommendation that Count 2 be dismissed. Rosta has not objected to the recommendation that the motion to dismiss be denied for Counts 1, 3, 4, and 5 be denied. Therefore, those recommendations are adopted by this Court.

#### B.

The magistrate judge concluded that "the Sixth Circuit views trademark counterfeiting as a separate cause of action," citing *Laukas v. Rio Brands, Incorporated*, 391 F. App'x 416, 425 (6th Cir. 2010). With that conclusion, the magistrate judge recommended dismissing the claim for statutory damages, reasoning that "[b]ecause Rosta has not alleged a separate claim for federal trademark counterfeiting, there is no basis for an award of treble or statutory damages under 15 U.S.C. § 1117(b) and (c)." (R&R at 14 PageID.169.)

Rosta objects. Rosta argues that *Laukas* does not require that the cause of action be brought as a separate and distinct claim.

Rosta's objection is UPHELD. The unpublished opinion in *Laukas* does identify what a party has to plead and ultimately prove for statutory damages under § 1117(c), but the holding does not require that the elements be set forth in a distinct claim. In *Laukas*, the plaintiff pleaded counterfeiting as a separate cause of action, and the district court denied the claim on a motion for summary judgment. The circuit court discussed the facts that the plaintiff had to prove to survive the motion for summary judgment. The magistrate judge

noted that other courts have found that counterfeiting is not a separate and distinct cause of action, citing *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.*, 940 F. Supp. 2d 850, 866 (C.D. Ill. 2013). (R&R at 14 n.1 PageID.169.)

The Court is compelled to address other arguments raised in Lovejoy's motion to dismiss and in its response to Rosta's objections to the R&R. First, the notice pleading requirements in the Federal Rules do not require Rosta to use the word "counterfeit" in order to state a claim for counterfeiting. The rules only require Rosta to plead sufficient facts to put Lovejoy on notice of the claim. Lovejoy's motion demonstrates that it was well aware of the fact that Rosta was seeking statutory damages for counterfeiting.

Second, Rosta has alleged sufficient facts to state a claim for counterfeiting. Lovejoy asserts that Rosta did not plead facts to show that any use of counterfeit marks was willful. But, as pointed out by Rosta, in paragraph 36 and 37 of the Complaint, Rosta alleges it advised Lovejoy of trademark infringement and, despite the information and warnings, Lovejoy continued to sell products using Rosta's trademarks. Those facts would support the willfulness element necessary for a counterfeiting claim.

Third, whether Lovejoy is a holdover licensee or franchisee, is not a question that can be resolved as part of this motion to dismiss. In *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185 (6th Cir. 1997), the court held that attorney fees could not be awarded for counterfeiting "where, as in this case, a holdover franchisee continues to use the franchisor's original trademark after the franchise has been terminated."[1] *Id.* at 1192. Citing *U.S.*

---

[1] It is not entirely clear from the opinion why the court reached this conclusion. *See, e.g., Century 21 Real Estate, LLC v. Destiny Real Estate Props.*, No 4:11-cv-28, 2011 WL 6736060, at *3 (N.D.

*Structures,* Lovejoy argues it cannot be liable for counterfeiting because it is a former licensee or authorized user. The Court notes that the Sixth Circuit used the phrase "holdover franchisee" not "former franchisee." Thus, Rosta's counterfeiting claim cannot be resolved in Lovejoy's favor simply because Lovejoy is a former licensee. Furthermore, *U.S. Structures,* and the other cases cited by Lovejoy, were all resolved on motions for summary judgment, where the record established the relationship between the parties and the actions of the franchisee after termination of the agreement. In *U.S. Structures,* the defendant continued to use the plaintiff's mark after the franchise was terminated for lack of payment, and while the two parties were in negotiations to settle their dispute. *Id.* at 1187. In *Motor City Bagels, LLC v. American Bagel Co.,* 50 F. Supp.2d 460, 489 (D. Md. 1999), the district court also declined to award attorney fees and treble damages for counterfeiting. After the franchise agreement was terminated, the franchisee continued to use the franchisor's marks on cash register receipts and on exterior signs. *Id.* at 488. The record also established that the franchisee took "significant steps" to inform customers that it was no longer associated with the franchisor. Also, local zoning ordinances prevented the franchisee from immediately changing the exterior signs and there were technological challenges to replacing the register receipts. *Id.* at 487.

---

Ind. Dec. 19, 2011) (summarizing the holding in *U.S. Structures* and concluding that the court's "holding did not explain why the defendant had not committed counterfeiting by attaching the plaintiff's trademark to unauthorized products and services.").

For these reasons, the Report and Recommendation (ECF No. 20) is **ADOPTED IN PART**. The R&R is adopted as this Court's opinion, except for the portion of the R&R concluding that Rosta's claim for counterfeiting should be dismissed. Accordingly, Lovejoy's motion to dismiss (ECF No. 9) is **GRANTED IN PART**. Count 2, Rosta's claim for contributory trademark infringement, is DISMISSED.

**IT IS SO ORDERED.**

Date:  August 14, 2017   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge