UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ROSTA AG,

a Swiss corporation,

    Plaintiff,

v.

LOVEJOY, INC.,

an Illinois corporation,

    Defendant.

Case No.: 1:16-cv-00199-PLM-RSK

---

### **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Rosta AG, by and through its attorneys Revision Legal, PLLC, states its Answer to Defendant Lovejoy's Counterclaim:

### **INTRODUCTION**

1. The present dispute arises out of Rosta AG's ("Rosta") attempt to enter the U.S. market and unfairly compete against Lovejoy, Inc. ("Lovejoy").

**ANSWER**: Denied.

2. Lovejoy and Rosta enjoyed an over thirty-year relationship where Lovejoy operated as the exclusive representative of certain Rosta products. However, in late 2012/early 2013, while the parties were purportedly in arms-length negotiations on a potential new distribution or joint venture agreement, Rosta began to secretly gather Lovejoy's confidential and trade secret information.

**ANSWER**: Plaintiff admits it and Defendant Lovejoy had a contractual relationship the details of which are encompassed by the relevant contractual agreements. Plaintiff admits the parties

held discussions regarding changes to that agreement in 2013. All other allegations, characterizations, and implications are denied.

> 3. At least as early as October 2012, Rosta's Managing Director, Marc Mollenkopf provided his personal notes from a meeting that he had with Lovejoy's senior management regarding the new agreement to a high-level Lovejoy employee, Arnold Redsicker. In the email, Mollenkopf informed Redsicker, "Don't forward this mail, it is thought as an internal information." Redsicker responded the next day, stating, "I got it and understand; thanks for the heads-up."

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

> 4. As negotiations proceeded, Redsicker, while still employed by Lovejoy, provided significant Lovejoy confidential and trade secret information to Rosta. On February 16, 2013, Redsicker forwarded to Mollenkopf Lovejoy's internal playbook for negotiations with Rosta. Redsicker's communication made it perfectly clear that he was sending confidential information, not to be shared.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

> 5. While employed by Lovejoy, Redsicker continued to secretly provide Mollenkopf with Lovejoy confidential and trade secret information all the way up to the time, on or about August 6, 2013, that Rosta without any advance indication or warning gave notice to Lovejoy that it would terminate the parties' then-current agreement, effective August 31, 2014.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

6. At that time, Rosta presented to Lovejoy a Term Sheet and settlement agreement that, among other things, provided that Lovejoy would agree to Rosa USA's employment of Redsicker and another employee, Richard Kasprzyk, that Lovejoy would not initiate legal action against Redsicker or Kasprzyk, and that Lovejoy would agree not to compete with Rosta. Lovejoy refused to sign Rosta's papers and fired Redsicker on August 7, 2013. Kasprzyk left Lovejoy the following day. Upon their departure from Lovejoy, Redsicker became Rosta USA's President of Sales and Kasprzyk became Rosta USA's Vice President of Sales.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

7. In connection with termination of the parties' agreement, the 2006 Distribution and License Contract (the "Contract"), see ECF Doc. #1-5, Lovejoy asked Rosta to (1) repurchase the remaining stock of merchantable products, and (2) provide a compensation payment to Lovejoy as required by the Contract. Despite numerous requests from Lovejoy, Rosta has refused to fulfil these obligations. This Counterclaim seeks redress for these breaches of the Contract by Rosta.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

8. Rosta later sought trademark registration of the sizing dimensions AB and SE and has asserted these non-trademark, generic or descriptive designations (and the color blue) in this action as part of Rosta's overarching and sustained anti-competitive efforts to

enter the U.S. market and unfairly compete with Lovejoy. This Counterclaim further seeks the cancellation of Rosta's AB and SE federal registrations..

**ANSWER**: Admit Plaintiff filed applications to register SE and AB with the USPTO in November 2014 under Section 66(a). Admit Defendant seeks cancellation of Plaintiff's federal registrations for SE and AB. All remaining allegations are denied

## PARTIES

9. Lovejoy is an Illinois corporation that manufactures, supplies, and markets power transmission components, including shaft couplings, hydraulic components, and rubber suspension systems. Since its formation in 1900, Lovejoy has been a pioneer in advanced manufacturing technologies. Lovejoy is headquartered in Downers Grove, Illinois and maintains sales offices and warehouses throughout Canada, Europe, Asia, and the United States.

**ANSWER**: Plaintiff lacks information sufficient to form a belief as to the truth of the allegation and leaves Defendant to its proofs.

10. Rosta is a Swiss corporation that manufactures rubber suspension systems, one type of power transmission component. Rosta's principal U.S. entity, Rosta USA Corp., is located in South Haven, Michigan.

**ANSWER**: Plaintiff admits it is a Swiss corporation that manufactures rubber suspension systems and has a U.S. subsidiary Rosta USA Corp. All remaining allegations are denied.

## JURISDICTION AND VENUE

11. This Court has supplemental jurisdiction over this matter under 28 U.S.C. § 1367, as Lovejoy's claims and Rosta's claims form part of the same case or controversy.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in South Haven, Michigan.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

## FACTUAL ALLEGATIONS

13. Lovejoy has more than 100 years of experience manufacturing, supplying, and marketing power transmission components. Lovejoy sells its products in the United States and worldwide.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

14. Rosta is a Swiss-based manufacturer of rubber suspension systems, a type of power transmission component.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

15. Drawn to Lovejoy's strong distribution channel and expertise in power transmission components, Rosta chose to contract with Lovejoy to sell Rosta's products. Through a series of manufacturing, distribution, and licensing agreements, the first of which was entered into in 1988, Lovejoy operated as Rosta's exclusive U.S. manufacturer and distributor of tensioners and oscillating mounts, two types of rubber suspension systems, for nearly 35 years. The most recent agreement was the Contract.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

 16. For seven years under the Contract, Lovejoy acquired new clients and increased the turnover to existing customers.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

 17. Unbeknownst to Lovejoy, in May 2013, Rosta created its own U.S. subsidiary, Rosta USA Corp., to enter the U.S. market, sell the products, and compete with Lovejoy.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

 18. On August 6, 2013, Rosta without any advance indication or warning gave notice to Lovejoy that it would terminate the Contract, effective August 31, 2014.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

 19. Upon termination, Rosta was required to repurchase Lovejoy's stock of the products. ECF Doc. #1-5, Section IV, ¶ 8.6. Under the Contract, the purchase price for the products "shall include a compensation for the transportation and import cost of Lovejoy." Id.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

 20. Also, upon termination, Rosta was required to pay Lovejoy "a compensation payment provided that [Lovejoy] has acquired new customers for the products or has

essentially increased the turnover with existing customers and the payment is justified by considering all circumstances." ECF Doc. #1-5, Section IV, ¶ 8.4.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

21. Shortly before the date of termination, Lovejoy's President, Woody Haddix, and Rosta's Managing Director and Chief Executive Officer, Marc Mollenkopf, began discussing Rosta's obligation to repurchase Lovejoy's inventory of the products.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

22. However, once the Contract terminated, Mollenkopf and Rosta began ignoring Haddix's buyback requests. Haddix placed several phone calls and sent numerous emails to Mollenkopf regarding the inventory of products that Rosta was obligated to repurchase, but Mollenkopf ignored them all.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

23. Finally, in early 2015, Mollenkopf, requested that Haddix send an inventory list of the products in Lovejoy's possession. Haddix complied, sending a detailed list containing item numbers, item descriptions, the number of items on hand, order dates, standard costs, on-hand values, and current costs for the products that Rosta was obligated to repurchase.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

24. After receiving the inventory list that he requested, Mollenkopf and Rosta repeatedly ignored or rebuffed Lovejoy's request that Rosta buy back the products in accordance with the Contract.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

25. Mollenkopf has also refused to discuss Rosta's obligation to pay Lovejoy a compensation payment due to Lovejoy's acquisition of new customers and turnover sales with existing customers.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

## COUNT 1 – BREACH OF CONTRACT

26. Lovejoy repeats and realleges Paragraphs 1-25 as if fully set forth herein.

**ANSWER**: Plaintiff repeats and alleges all prior allegations as if fully set forth herein.

27. The Contract existed and was a valid and enforceable agreement between Lovejoy and Rosta.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

28. Rosta breached the Contract by failing to repurchase Lovejoy's stock of the products upon termination.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

29. Rosta's failure to repurchase the products upon termination caused Lovejoy substantial damages in an amount to be proven at trial.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

30. Rosta also breached the Contract by failing to compensate Lovejoy for its acquisition of new customers for Rosta products and increased the turnover with existing customers.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

31. Rosta's failure to compensate Lovejoy for its acquisition of new customers and increased the turnover with existing customers caused Lovejoy damages in an amount to be proven at trial.

**ANSWER**: No response is necessary because this Court dismissed Defendant Lovejoy's Count 1 – Breach of Contract Claim based on the agreement's forum selection clause, ECF No. 40.

## COUNT II – CANCELLATION OF U.S. REGISTRATION NO. 4,762,605

32. Lovejoy repeats and realleges Paragraphs 1-25 as if fully set forth herein.

**ANSWER**: Plaintiff repeats and alleges all prior allegations as if fully set forth herein.

33. In November of 2014, Plaintiff applied for registration of the SE and AB sizing dimensions with the United States Patent and Trademark Office under the Madrid Protocol.

**ANSWER**: Admit Plaintiff filed applications to register SE and AB with the USPTO in November 2014 under Section 66(a) and all remaining allegations are denied.

34. Plaintiff's application for registration of SE in the United States was granted on June 30, 2015 under Reg. No. 4,762,605.

**ANSWER**: Admit.

35. Lovejoy had been using the sizing dimensions in the United States for at least thirty years prior to Rosta's attempts to register the SE mark.

**ANSWER**: Admit that Defendant used the mark under Plaintiff's license. Denied that Defendant obtained any rights in the mark. All remaining allegations are denied.

36. The term SE is generic, functional or, otherwise, is not distinctive and has not achieved secondary meaning.

**ANSWER**: Denied.

37. Rosta does not have priority of use of the alleged SE mark in the United States.

**ANSWER**: Denied.

38. Registration No. 4,762,605 was obtained fraudulently by submitting false, material representations with the intent to deceive the USPTO.

**ANSWER**: Denied.

39. Lovejoy is likely to be damaged by continued registration of U.S. Registration No. 4,762,605 in that Rosta has filed suit against Lovejoy, relying on this registration, and has claimed that Lovejoy's use of the SE sizing dimension infringes Rosta's rights.

**ANSWER**: Denied.

40. Lovejoy will be damaged by the continued registration of U.S. Registration No. 4,762,605and that registration should be cancelled pursuant to 15 U.S.C. §§1064 and 1119.

**ANSWER**: Denied.

### COUNT III – CANCELLATION OF U.S. REGISTRATION NO. 4,762,596

41. Lovejoy repeats and realleges Paragraphs 1-25 as if fully set forth herein.

**ANSWER**: Plaintiff repeats and alleges all prior allegations as if fully set forth herein.

42. In November of 2014, Plaintiff applied for registration of the SE and AB sizing dimensions with the United States Patent and Trademark Office under the Madrid Protocol.

**ANSWER**: Admit Plaintiff filed applications to register SE and AB with the USPTO in November 2014 under Section 66(a) and all other allegations are denied.

43. Plaintiff's application for registration of AB in the United States was granted on June 30, 2015 under Reg. No. 4,762,596.

**ANSWER**: Admit.

44. Lovejoy had been using the sizing dimension SE in the United States for at least thirty years prior to Rosta's attempts to register the SE mark.

**ANSWER**: Admit that Defendant used the mark under Plaintiff's license. Denied that Defendant obtained any rights in the mark. All remaining allegations are denied.

45. The term AB is generic, functional or, otherwise, is not distinctive and has not achieved secondary meaning.

**ANSWER**: Denied.

46. Rosta does not have priority of use of the alleged AB mark in the United States.

**ANSWER**: Denied.

47. Registration No. 4,762,596 was obtained fraudulently by submitting false, material representations with the intent to deceive the USPTO.

**ANSWER**: Denied.

48. Lovejoy is likely to be damaged by continued registration of U.S. Registration No. 4,762,596 in that Rosta has filed suit against Lovejoy, relying on this registration, and has claimed that Lovejoy's use of the AB sizing dimension infringes Rosta's rights.

11

**ANSWER**: Denied.

49. Lovejoy will be damaged by the continued registration of U.S. Registration No. 4,762,596and that registration should be cancelled pursuant to 15 U.S.C. §§1064 and 1119.

**ANSWER**: Denied.

## AFFIRMATIVE DEFENSES

1. Through its trademark registrations granted by the USPTO, Plaintiff is entitled to a presumption of validity.

2. Defendant is precluded from bringing its claims due to acquiescence, waiver, laches, or because the claims are outside the limitations period as Rosta has priority over the SE, AB, and color blue marks for more than 30 years. Lovejoy, acting under Rosta's license, was well aware of Rosta's trademark rights during this time but never objected to the same.

3. Defendant is precluded from bringing its claims by the doctrines of estoppel or unclean hands because Lovejoy acted under Rosta's license more than 30 years and intentionally acted to copy the naming pattern of Rosta products subsequent to the termination of the agreement between the parties.

4. Plaintiff reserves all defenses available under law or equity and the right to amend these affirmative defenses based on the available discovery.

WHEREFORE, Plaintiff Rosta AG respectfully requests this Honorable Court to dismiss Defendant's counterclaims, award Plaintiff its attorney fees, and any other relief it deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: May 7, 2018 | /s/ Eric Misterovich<br>Eric Misterovich (P73422)<br>John Di Giacomo (P73056)<br>Revision Legal, PLLC<br>8051 Moorsbridge Rd.<br>Portage, MI 49024<br>269-281-3908<br>eric@revisionlegal.com<br>john@revisionlegal.com<br><br>*Attorneys for Rosta AG* |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing Answer to Counterclaim with the Clerk of Court using the ECF system, which will send notification of such filing to all attorneys of record.

|  |  |
|---|---|
| Date: May 7, 2018 | /s/ Eric Misterovich<br>Eric Misterovich (P73422)<br>John Di Giacomo (P73056)<br>Revision Legal, PLLC<br>8051 Moorsbridge Rd.<br>Portage, MI 49024<br>269-281-3908<br>eric@revisionlegal.com<br>john@revisionlegal.com<br><br>*Attorneys for Rosta AG* |